

U.S. Department of Justice

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 27, 2024

Kenneth H. Anderson, Esq.
Anderson, Goldman, Tobin & Pasciucco, LLP
50 Redfield Street, Suite 201
Boston, MA  02122

Re:   Justin Chappell

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Justin Chappell ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Plea to Information

Defendant will waive Indictment and plead guilty to one count of using excessive force resulting in bodily injury in violation of 18 U.S.C. § 242 (Deprivation of Rights under Color of Law). Defendant admits that Defendant committed the crime specified in this charge and is in fact guilty.

2. Penalties

Defendant faces the following maximum penalties: incarceration for 10 years; supervised release for up to 3 years; a fine of $250,000; a mandatory special assessment of $100; and restitution.

3. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

    a) Defendant's base offense level is 10 (USSG § 2H1.1(a)(3) because the offense

1

    involved the use of force against a person;

    b) Defendant's offense level is increased by 6, because Defendant committed the offense under color of law (USSG § 2H1.1(b)(1));

    c) Defendant's offense level is increased by 2, because the victim was physically restrained in the course of the offense (USSG § 3A1.3); and

    d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

The parties further agree that pursuant to USSG § 5H1.3 (Mental and Emotional Conditions) and USSG § 5H1.11 (Military, Civic, Charitable, or Public Service; Employment-Related Contributions; Record of Prior Good Works) the Court should depart downward from the otherwise applicable total offense level of 15 to level 8 because Defendant's diagnosed Post Traumatic Stress Disorder ("PTSD") that resulted from his service with the U.S. Military was a factor in Defendant's conduct in the offense.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

    4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) No incarceration;

    b) a fine not to exceed $250,000, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

2

c) 12 months of supervised release including: (1) the special condition under USSG § 5D1.3(d)(5) that Defendant participate in a mental health program approved by the U.S. Probation Office; and (2) the additional condition under USSG §§ 5D1.3(e)(3) and 5F1.5 that Defendant perform 100 hours of community service; and

d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later

claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*       \*       \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Torey Cummings and Neil Gallagher.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: _____
Elizabeth Riley
Chief, Civil Rights & Human Trafficking Unit

_____
Torey B. Cummings
Neil J. Gallagher Jr.
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Justin Chappell
Defendant

Date: 4/2/24

I certify that Justin Chappell has read this Agreement and that we have discussed what it means. I believe Justin Chappell understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding plea in this case.

_____
Kenneth H. Anderson
Attorney for Defendant

Date: 4/2/2024